UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNA WILSON,

    Plaintiff,

v.                                                                   Case No: 8:19-cv-1392-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff, Donna Wilson, seeks judicial review of the denial of her claim for a period of disability and disability insurance benefits. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

### A.    Procedural Background

Plaintiff filed an application for a period of disability on May 28, 2015. (Tr. 15, 181–82.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 113–14, 117–18.) Plaintiff then requested an administrative hearing. (Tr. 122–23.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 37–77.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 15–29.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–3.) Plaintiff then timely filed a Complaint with this Court. (Dkt. 1) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B.     Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1921, claimed disability beginning on May 20, 2015. (Tr. 181.) Plaintiff has an eleventh-grade education. (Tr. 205.) Plaintiff's past relevant work experience includes work as an attendant, a cashier, and a manager. (Tr. 205.) Plaintiff alleged disability due to open heart surgery, diabetes, sleep apnea, neuropathy, high blood pressure, high potassium, hypertension, and blurry vision. (Tr. 204.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since May 20, 2015, the alleged onset date. (Tr. 18.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: ischemic heart disease, diabetes mellitus, obesity, hypertension, neuropathy, depression, and anxiety. (Tr. 18.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) except lifting 20 pounds occasionally and 10 pounds frequently; carrying 20 pounds frequently; sitting for six hours, standing/walking for six hours, push/pull as much as [she] can lift/carry. She can operate foot controls with right foot frequently, climb ladders, ropes, or scaffolds occasionally, stoop frequently, kneel frequently, crouch frequently, and crawl frequently.  The claimant can work at unprotected heights occasionally, moving mechanical parts occasionally, in humidity and wetness occasionally, in dust, odors, fumes and pulmonary irritants frequently, in extreme cold occasionally, in extreme heat occasionally, in vibration occasionally.  The claimant is limited to performing simple, routine tasks.

(Tr. 20–21.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to

the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the record.  (Tr. 22.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work as a fast food worker, as it was actually performed and as it is generally performed. (Tr. 29.)  Accordingly, based on Plaintiff's RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled.  (Tr. 28.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a).  Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five

of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision on the grounds that the ALJ posed an "incomplete or unclear hypothetical" to the VE. (Dkt. 18 at 5.) For the reasons that follow, this contention does not warrant reversal.

Plaintiff "bears the burden of proving that [s]he is disabled, and, consequently, [s]he is responsible for producing evidence in support of [her] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). In particular, at step four, Plaintiff bears the burden of proving that she "is not able to 'perform [her] past kind of work, not that [s]he merely be unable to perform a specific job [s]he held in the past.'" *Rivera-Cruzada v. Comm'r of Soc. Sec.*, 741 F. App'x 737, 739 (11th Cir. 2018) (quoting *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986)). In this case, Plaintiff challenges the ALJ's finding that she can her past relevant work but Plaintiff points to no evidence to establish that Plaintiff cannot perform her past relevant work, either as it was actually performed or as it is performed in the national economy.

Instead, Plaintiff challenges the hypothetical posed to the VE. However, "VE testimony is not required in determining whether a claimant can perform her past relevant work." *Hennes v. Comm'r of Soc. Sec. Admin.*, 130 F. App'x 343, 346 (11th Cir. 2005). Nonetheless, a VE "'may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy.'" *Id.* (quoting 20 C.F.R. §§ 404.1520(a)(4)(iv); 404.1520(f)); *see also Simpson v. Comm'r of Soc. Sec.*, 423 F. App'x 882, 884 (11th Cir. 2005) ("The ALJ may rely on a VE's testimony regarding the physical and mental demands of the claimant's past work.").

The testimony of a VE constitutes substantial evidence if the ALJ poses "a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). In this case, when asked a hypothetical containing Plaintiff's RFC, the VE testified that Plaintiff would be able to perform her past job of fast food worker. (Tr. 67.) In challenging the hypothetical, Plaintiff does not argue that it failed to comprise all of Plaintiff's determined limitations, but instead argues that the hypothetical was "unclear and ambiguous." (Dkt. 18 at 7.) Plaintiff argues that the ALJ's finding that Plaintiff was limited to "standing/walking for six hours" is unclear because it "could mean the person could both stand and walk, six hours, meaning they could be on their feet for eight hours out of an eight-hour workday." (Dkt. 18 at 7.) However, the ALJ clarified any ambiguity in the hypothetical.

At the hearing, Plaintiff's attorney asked the ALJ to clarify and the ALJ responded that it "would be a total of stand or walk for six hours, so yes, they could sit[,] stand[,] or walk for six hours." (Tr. 69.) When asked a second time, the ALJ stated that "it's stand or walk for six hours." (Tr. 69.) And when asked a third time, the ALJ stated that she "was following along the definition of light [work] as defined." (Tr. 69.) Under the regulations, a job is in the category of "light work" when "it requires a good deal of walking or standing, or when it involves sitting most of the time . . . ." 20 C.F.R. § 404.1567(b). Social Security Ruling ("SSR") 83-10 clarifies that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time." SSR 93-10 (S.S.A.), 1983 WL 31251.

Thus, any ambiguity in the hypothetical posed to the VE was clarified by the ALJ at the hearing. Notably, the VE did not find the hypothetical to be ambiguous and did not change her testimony after the ALJ's clarifications. Therefore, because the hypothetical posed to the VE

properly included all of Plaintiff's limitations, the VE's testimony constitutes substantial evidence to support the ALJ's finding that Plaintiff can perform her past relevant work as a fast food worker.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on June 23, 2020.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record